# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMON SANTIAGO,<br><br>        Petitioner,<br><br>  v.<br><br>MATTHEW C. KRAMER,<br><br>        Respondent. | 1:08-cv-00366-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AS SUCCESSIVE PETITION (Doc. 8)<br><br>ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On March 14, 2008, Petitioner filed his petition. (Doc. 1). After the Court ordered Respondent to file a response, Respondent filed the instant motion to dismiss the petition on July 3, 2008, contending that Petitioner had previously challenged his conviction via a petition for writ of habeas corpus in this Court, and therefore, the instant petition was successive. (Doc. 8). Moreover, because Petitioner had failed to obtain permission from the United States Court of Appeals for the Ninth Circuit to file such a successive petition, the instant petition must be dismissed. On September 24, 2008, Petitioner filed his opposition to the motion to dismiss. (Doc. 13).

In his motion, Respondent alleges that Petitioner had challenged his state court conviction previously in case no. 1:05-cv-1283-AWI-SMS, and that, therefore, the instant petition was successive and must be dismissed in the absence of permission from the Ninth Circuit to proceed. (Doc. 8, p. 3). Respondent also contends that the issue itself is successive and must be barred. (Id.). Finally, Respondent contends that Petitioner's claim is barred by the holding in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989). Because the Court agrees with the first two arguments, the Court need not reach the Teague issue..

## DISCUSSION

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). In this jurisdiction, the appropriate court of appeals would be the Ninth Circuit Court of Appeals. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless--

A court of appeals may grant such an order only upon a showing that:

(A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

In case no. 1:05-cv-01283-AWI-SMS ("05-1283"), filed on September 21, 2005, Petitioner challenged his February 13, 2002 conviction in the Merced County Superior Court for assault by means of force likely to produce great bodily injury. (Case no. 05-1283 Doc. ("Prev. Case Doc.") 1, p. 2). As part of that petition, Petitioner, relying on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), challenged his sentence to the upper term based on factors not

2

1 found beyond a reasonable doubt by a jury. (Id., p. 6). On November 6, 2007, the Magistrate
2 Judge issued findings and recommendations on the merits of Petitioner's sentencing claim,
3 determining it to be without merit. (Prev. Case Doc. 26 ). On January 7, 2008, the Magistrate
4 Judge's findings and recommendations were adopted by the District Judge, who entered
5 judgment against Petitioner on that date. (Prev. Case Docs. 27, 28).

6 Slightly more than two months later, on March 14, 2008, Petitioner filed the instant
7 petition in this case, again challenging his February 13, 2002 conviction and sentence in the
8 Merced County Superior Court. (Doc. 1, Memorandum of Points and Authorities ("MPA"), p.
9 1). Petitioner, now relying on Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), as
10 well as Blakely, and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), once again
11 challenges his upper term sentence as being unlawful because it was based in part upon facts not
12 found beyond a reasonable doubt by a jury. (Doc. 1, MPA pp. 6-10). Without question, the
13 instant petition is successive to the prior one in that it raises the identical claim resolved on the
14 merits in case no. 05-1283.

15 In his opposition to the motion to dismiss, however, Petitioner disagrees with Respondent
16 that the petition is successive, contending that in contrast to the earlier case in which he relied on
17 Blakely, in this case he is relying on Cunningham. (Doc. 13, p. 3). Contrary to Petitioner's
18 assertions, however, the issue of whether his upper term sentence was unconstitutional because it
19 relied in part upon facts not found beyond a reasonable doubt by a jury was already presented in
20 the previous petition and the merits of that claim were addressed in those proceedings. The fact
21 that subsequent case law has added additional authority to the Apprendi/Blakely line of cases
22 does not make the instant petition any less successive. Were that the case, then each time the
23 United States Supreme Court decided a new case affirming that same established rule, an inmate
24 could file another habeas petition on the same issue he had already raised in a previous petition,
25 claiming that his new petition was based on the subsequent case law. Clearly, that would
26 become the exception that swallowed the rule.

27 Having found that the petition is successive, the only question is whether Petitioner has
28 obtained permission to file the successive petition from the Ninth Circuit. It is the Ninth

Circuit's responsibility, not this Court's, to determine that the requirements of § 2244(b)(2)(B) have been met by filing a proper request with the Ninth Circuit for leave to file a successive petition. Petitioner has presented no evidence that he has obtained permission of the Ninth Circuit to file a successive petition, he has not alleged that he has even attempted to obtain permission for such a petition from the Ninth Circuit, and the present record thus entirely supports Respondent's assertion that Petitioner has not received permission to proceed with a successive petition. In the absence of such permission, the AEDPA prohibits this case from proceeding. The Court has no alternative but to recommend that Respondent's motion to dismiss be granted.

Respondent next contends that, even if the Ninth Circuit had permitted the petition to be filed, it would be barred by § 2244(b)(1), which provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The Court agrees. The claims are identical in nature, although Petitioner had the advantage in the instant petition of the Supreme Court's 2007 decision in Cunningham. As discussed previously, that fact does not alter the conclusion that the claims are identical. As such, the instant claim is barred by 28 U.S.C. § 2244(b)(1) because it was presented in a prior application.

Additionally, because the issue raised in this petition has already been addressed and rejected on the merits by this Court, that prior order is res judicata in this case and binding on this Court. Res judicata, or claim preclusion, as it is commonly known, bars re-litigation in a subsequent action of any claims that were or could have been raised in the earlier action. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981). The res judicata doctrine applies when, as here, there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the parties. Western Radio Services, Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). Issue preclusion bars re-litigation of issues adjudicated and essential to the final judgment of earlier litigation between the parties. Dodd v. Hood River County, 136 F.3d 1219, 1224-1225 (9th Cir. 1998); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir. 1987). The purpose behind both issue preclusion

and claim preclusion is to prevent multiple lawsuits and to enable parties to rely on the finality of adjudications. Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980).

Here, the issue of whether Petitioner's aggravated sentence was legal has already been addressed on the merits and resolved adversely to Petitioner in an earlier federal habeas case. Because the issue is now res judicata, this Court cannot address those issues in this new federal petition.

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition for writ of habeas corpus as successive (Doc. 8), be GRANTED, and that the petition (Doc. 1) be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.** The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2009**                                        /s/ Theresa A. Goldner
                                                                                      UNITED STATES MAGISTRATE JUDGE